Filed 12/3/25  P. v. Moran-Ortiz CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HILARIO DIONICO MORAN-ORTIZ,<br><br>Defendant and Appellant. | B345714<br><br>(Los Angeles County<br>Super. Ct. No. BA350610) |

APPEAL from an order of the Superior Court of Los Angeles County, Drew E. Edwards, Judge.  Affirmed.

Hilario Dionico Moran-Ortiz, in pro. per., Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Hilario Dionico Moran-Ortiz appeals from the trial court's order denying his petition for recall and resentencing under Penal Code section 1172.6 (formerly section 1170.95).[1]  We appointed counsel to represent Moran-Ortiz on appeal.  After reviewing the record on appeal, counsel for Moran-Ortiz filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that did not identify any arguable issues.  After independently reviewing the record and the contentions in Moran-Ortiz's two supplemental briefs, we have not identified any either.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the probation report, on December 19, 2008 police officers Jeff Day and Manny Hernandez were conducting a pedestrian stop when they heard gunshots fired west of their location and saw Moran-Ortiz and another individual running away from that location.[2]  The officers observed Moran-Ortiz was armed with a firearm, and they ordered him and the other individual to stop.  Moran-Ortiz failed to stop, and the officers ran after him.  During the chase, Moran-Ortiz fired two shots at the officers before losing his footing and falling to the ground.

---

[1]     Statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 with no change in the text.  (Stats. 2022, ch. 58, § 10.)  Although Moran-Ortiz filed his petition in 2024, he used a form that referenced former section 1170.95.

[2]     We include the facts from the probation report for background purposes only.

2

The officers arrested Moran-Ortiz, who, after being advised of his *Miranda* rights,[3] admitted that he was a member of the Mexican Klan criminal street gang. He also admitted that on the evening of the incident he was driving when he saw three to five members of a rival gang, some of whom had shot at him two nights earlier. Moran-Ortiz picked up the other individual known as "Wolfey," who had a gun. Moran-Ortiz and Wolfey got out of the car and walked toward one of the rival gang members. Wolfey shot at the man, then handed his gun to Moran-Ortiz, who shot at the man but missed.

On May 13, 2009 Moran-Ortiz was charged by information with three counts of attempted willful, deliberate and premediated murder (§§ 187, subd. (a), 664; counts 1, 3 and 5); two counts of assault with a firearm upon a peace officer (§ 245, subd. (d)(1); counts 2 and 4); and one count of assault with a firearm (§ 245, subd. (a)(2); count 6.) The information alleged gang enhancements (§ 186.22, subd. (b)(1)(C)) as to all counts, and firearm enhancements (§§ 12022.5, subds. (a) & (d), 12022.53, subd. (c)) as to counts 1, 3, 5 and 6.

On October 4, 2010 the trial court granted the People's oral motion to amend the information to allege Moran-Ortiz, in committing an assault with a firearm upon a peace officer as alleged in count 2, personally and intentionally discharged a firearm (§ 12022.53, subd. (c)). Moran-Ortiz then pleaded no contest to assault with a firearm (count 2) and admitted the firearm and gang enhancement allegations. The court sentenced Moran-Ortiz to 24 years in state prison, composed of the lower term of four years on count 2, plus 20 years for the firearm

---

[3]     *Miranda v. Arizona* (1966) 384 U.S. 436, 471.

3

enhancement, plus a concurrent 10-year term for the gang enhancement. The court dismissed the remaining counts and allegations.

On September 3, 2024 Moran-Ortiz, representing himself, filed a form petition for resentencing pursuant to section 1172.6. Moran-Ortiz checked the boxes stating, "I was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder" (boldface and underlining omitted) and could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189 effective January 1, 2019.

On October 23, 2024 the trial court appointed counsel for Moran-Oritz. Appointed counsel filed a brief asking the court to conduct an independent review of the case pursuant to the procedures set forth in *People v. Delgadillo, supra*, 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436.

On April 11, 2025 the trial court denied the petition. The court found that to obtain relief, Moran-Ortiz "must be convicted of either the crime of murder, attempted murder or voluntary manslaughter. [¶] Mr. Moran Ortiz was convicted of none of those crimes. He was convicted of assault pursuant to [section] 245, [subdivision] (d). All other counts were dismissed. The court will find he is not eligible for relief." Moran-Ortiz timely appealed from this ruling.

## DISCUSSION

We appointed counsel to represent Moran-Ortiz in his appeal from the trial court's order denying his petition. After reviewing the record, appointed counsel did not identify any

4

arguable issues. On or about August 19, 2025 appointed counsel advised Moran-Ortiz that counsel was filing a brief stating he was unable to find any arguable issues; Moran-Ortiz could personally submit any contentions he believed this court should consider; and if Moran-Ortiz did not file a brief, this court would dismiss the appeal. Counsel also stated in his declaration he would send Moran-Ortiz the transcripts of the record on appeal and a copy of the brief.

On September 22, 2025 we received a two-page handwritten supplemental brief from Moran-Ortiz. In his supplemental brief, Moran-Ortiz stated he "took a plea to avoid being sentenced to attempted murder," and further, he found "it hard to believe that [he] was identified as the shooter on a pitch dark night with a 30 to 40-yard distance." In a second handwritten supplemental brief filed two days later, Moran-Ortiz made the same arguments, adding he should be resentenced "under section 1172.6 and/or under any new law or existing law that applies" because he committed the crime when he was 19 years old; he had received his associate degree; and he wanted "to help out [his] community."

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule. (*People v. Patton* (2025) 17 Cal.5th 549, 558 (*Patton*); *People v. Curiel* (2023) 15 Cal.5th 433, 448-449 (*Curiel*); *People v. Strong* (2022) 13 Cal.5th 698, 707-708.) Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised

5

felony-murder rule as set forth in section 189, subdivision (e). (*Patton*, at p. 558; *Curiel*, at p. 448.) Section 189, subdivision (e), now requires the People to prove specific facts relating to the defendant's individual culpability: the defendant was the actual killer (§ 189, subd. (e)(1)); although not the actual killer, the defendant, with the intent to kill, aided or assisted in the commission of murder in the first degree (§ 189, subd. (e)(2)); or the defendant was a major participant in an underlying felony listed in section 189, subdivision (a), and acted with reckless indifference to human life as described in section 190.2, subdivision (d) (§ 189, subd. (e)(3)). (*Curiel*, at p. 448.)

Senate Bill No. 775 (2021-2022 Reg. Sess.), effective January 1, 2022, expanded the scope of potential relief by applying Senate Bill 1437's ameliorative changes to individuals convicted of attempted murder and voluntary manslaughter. (See § 1172.6, subd. (a).) The legislation also extended relief to defendants convicted of murder under any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a), as amended by Stats. 2021, ch. 551, § 2; see *People v. Antonelli* (2025) 17 Cal.5th 719, 725.)

Section 1172.6 provides a procedure for an individual convicted of felony murder, or murder or attempted murder under the natural and probable consequences doctrine, to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if the individual could not be convicted of murder following Senate Bill 1437's changes to sections 188 and 189. (*Curiel, supra*, 15 Cal.5th at pp. 449-450; *People v. Strong, supra*, 13 Cal.5th at p. 708.) If the petition contains all the required information, including a declaration by the

6

petitioner that he or she is eligible for relief based on the requirements of subdivision (a), the sentencing court, upon request, must appoint counsel to represent the petitioner. (§ 1172.6, subd. (b)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 962-963.)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, the sentencing court "looks beyond the face of the petition" to the record of conviction, which "'necessarily inform[s] the trial court's prima facie inquiry . . . , allowing the court to distinguish petitions with potential merit from those that are clearly meritless.'" (*Patton, supra*, 17 Cal.5th at p. 563, quoting *People v. Lewis, supra*, 11 Cal.5th at p. 971.) However, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a [sentencing] court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 972; accord, *Patton*, at p. 567 ["should a trial court encounter a material fact dispute, the court may not resolve that dispute at the prima facie stage"].) If the petitioner makes the requisite prima facie showing of entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the challenged conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c) & (d)(1).)

We review de novo the trial court's denial of a petition for resentencing at the prima facie review stage, including its determination that the record of conviction establishes as a matter of law that the petitioner is not entitled to resentencing. (*People v. Jackson* (2025) 110 Cal.App.5th 128, 145, review

granted June 11, 2025, S290457; *People v. Flores* (2023) 96 Cal.App.5th 1164, 1170.)

To the extent Moran-Ortiz argues he is eligible for relief under section 1172.6 because he accepted a plea offer to assault with a firearm to avoid a conviction of attempted murder on a now-invalid theory of conviction, he is mistaken.  "Given the structure of the statute and the language in the first paragraph of section 1170.95, subdivision (a), the reference to a person who 'accepted a plea offer' in subdivision (a)(2) must necessarily mean a person who accepted a plea to, and was convicted of, first or second degree murder in lieu of a trial at which he could have been convicted of either of those charges."  (*People v. Paige* (2020) 51 Cal.App.5th 194, 202; accord, *People v. Turner* (2020) 45 Cal.App.5th 428, 436; see § 1172.6, subd. (a) ["A person convicted of felony murder or murder," "attempted murder," or "manslaughter" under specified circumstances "may file a petition" to vacate the conviction].) Thus, because Moran-Ortiz did not accept a plea offer to attempted murder, nor was he convicted of attempted murder, he is not eligible for relief under section 1172.6.

In his supplemental brief Moran-Ortiz questions whether he could have been identified as the shooter in a "pitch dark night" from a distance of 30 to 40 yards away.  But "[t]he mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; accord, *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal."].)  For the same reason, Moran-Ortiz's argument that he is entitled to be resentenced to a

shorter sentence because he has obtained an associate degree and bettered himself while in prison is outside the scope of section 1172.6.  (See *Burns*, at p. 867 [affirming denial of defendant's petition for resentencing, explaining "[t]he problem [defendant] raises in his petition, however, has nothing to do with the legislative changes to California's murder law effected by Senate Bill No. 1437 . . . and Senate Bill No. 775"].)

Because neither Moran-Ortiz nor his appellate counsel has identified a cognizable legal issue, and our independent review has not identified one either, the order denying his petition is affirmed.  (See *People v. Delgadillo, supra*, 14 Cal.5th at pp. 231-232; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende, supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The order is affirmed.

FEUER, J.

We concur:


MARTINEZ, P. J.


SEGAL, J.

9